CONTINENTAL FIRE ASSOCIATION OF FORT WORTH v. C. C. BEARDEN.

Decided June 28, 1902.

**1.—Evidence—Written Instrument—Notice to Produce.**

Where an insurance agent's written commission had been sent to the attorneys of the defendant insurance company at W., in another county, and during the trial and after secondary evidence of its contents had been offered and objected to, notice was given defendant's counsel to produce the commission, and he testified that he could not then produce it for want of time to obtain it from W., such notice to produce was insufficient to authorize the introduction of the secondary evidence.

**2.—Fire Insurance—Agent's Authority—Proof of—Secondary Evidence.**

Where the owner of property destroyed by fire sued an insurance company for its value upon an agreement to insure it made by defendant's agent, no policy having been issued, the case was not one where the agent's authority was only collaterally involved and therefore provable by secondary evidence of it without notice to produce the written commission.

**3.—Same—Pleading—Ownership.**

In an action against an insurance company for the value of property destroyed by fire plaintiff's petition must allege that he was the owner of the property at the date of the contract of insurance.

**4.—Appeal—Suggestion of Delay—Fundamental Error.**

Where an insurance company appeals from a judgment against it for the value of property destroyed by fire, and the cause is advanced upon a suggestion of delay, the appellate court will look to the record and reverse the judgment for a failure of the plaintiff's petition to distinctly allege that he was owner of the property at the date of the contract of insurance, though such error be not assigned.

Appeal from the County Court of Wise. Tried below before Hon. S. G. Tankersley.

*R. E. Carswell* and *Orrick & Terrell,* for appellant.

*J. M. Basham,* for appellee.

CONNER, CHIEF JUSTICE.—Appellee alleged that on January 1, 1901, appellant was duly incorporated and doing business in Texas as an insurance company insuring property against damage and loss by fire, having a local agent in Wise County, and "that said agent had authority from defendant to solicit for insurance, to collect premiums, and to write and sign policies;" * * * that for the sum of $4.40 then paid, said agent "agreed to insure" certain household and kitchen furniture and "that within a reasonable time thereafter, a policy should be executed by said company." The further averments were to the effect that the property covered by the contract had been destroyed by fire, and recovery therefor was sought.

The fire occurred within the life of the policy as agreed upon, but it appeared that the agent failed to report the transaction and that no policy ever issued. Error is assigned to the introduction of secondary evidence of the alleged agent's authority, and we think the assignment well taken.

It appears from the bill of exceptions that the only authority he (the agent) had was evidenced by a written commission issued to him by the defendant company. The court, however, over appellant's objection that it was not the best evidence, permitted the agent to testify to the effect that "he was a local agent of the defendant company at Decatur, Texas, from October, 1900, until July, 1901, and that he had full authority to issue policies on blanks which they had furnished him to be countersigned by him as agent, and to make contracts of insurance and to collect premiums on insurance for said company at Decatur, Texas." Other evidence of like secondary character was also introduced over appellant's objection. The record further shows that in the fall of the year preceding the trial the agent's commission had been sent to the defendant company at Fort Worth. We infer that the learned trial court received the objectionable testimony on the ground that notice to produce the agent's commission had been given counsel for appellant, as he so states in explanation of the bill. The bill, however, shows that the notice was given after the objections named had been made and during the noon intermission, and that the counsel upon whom the notice was served testified "that he could not now produce said commission for want of the time since the notice to obtain it from Fort Worth."

We think it thus manifest that an elementary rule of evidence was violated, and that the notice to produce the written authority of the agent was wholly insufficient to authorize the introduction of the secondary evidence. If, as is perhaps insisted in effect by appellee, the circumstances were such as to convince the court that the notice was sufficient, the bill should have been made to embody the justifying circumstances. We can only say that, as the record before us shows, the notice was clearly insufficient. Nor can we agree to the contention that the authority of the agent was only collaterally involved, and that therefore secondary evidence of the agent's authority was admissible without notice to produce the better evidence shown to exist. As before stated, no policy of insurance was in fact ever issued by appellant on the property described. As alleged, the basis of appellee's suit was the failure of an agent to fulfill a contract made that a policy should issue. The extent of the agent's authority was therefore a material inquiry.

There appears a yet further error that would seem to require us to reverse the judgment below. The case was here advanced and set down for hearing in accordance with appellee's motion suggesting an appeal for delay. The rule is well settled that in such case we are required to look to the record and revise errors although not assigned. In the case before us no distinct allegation appears that he was the owner of the property destroyed at the date of the alleged contract of insurance. This was a necessary allegation. May on Ins., secs. 74, et seq., including secs. 87a and 97a; Insurance Co. v. Everett, 36 S. W. Rep., 125.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*